AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
3/24/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT
3/24/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___jm___ DEPUTY

United States of America

v.

Edward Grantham,

Defendant.

Case No.  2:25-MJ-01718-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of March 9, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

Please see attached affidavit.

☒ Continued on the attached sheet.

/s/
Complainant's signature

Hugo Pang, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:    3/24/2025  at 2:38 p.m.

*Judge's signature*

City and state:  Los Angeles, California

Hon. Michael Kaufman, U.S. Magistrate Judge
*Printed name and title*

AUSA: Mirelle Raza x6058

**AFFIDAVIT**

I, Hugo Pang, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Edward Maurice GRANTHAM ("GRANTHAM") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm ("Subject Offense").

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

## II. BACKGROUND OF AFFIANT

3. I am a sworn Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since December 2023. I am a graduate of the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, and have completed specialized training at the ATF National Academy's Special Agent Basic Training course. I have received training in federal firearms and narcotics laws, narcotics identification,

confidential source handling, and various surveillance and investigative techniques. I am currently assigned to the ATF Los Angeles Field Division, Los Angeles Group I Field Office, in Los Angeles, California.

4. Prior to becoming an ATF Special Agent, I was employed with the Los Angeles Police Department ("LAPD") for approximately eight years. During my tenure at the LAPD, I was a patrol officer at the Central, Hollywood and Rampart Divisions. I conducted numerous firearms, narcotics, gang and violent crime investigations and arrests. As part of my tenure as an LAPD officer, I also became familiar with the illicit way firearms and controlled substances are acquired, distributed, and sold.

### III. SUMMARY OF PROBABLE CAUSE

5. On March 9, 2025, at approximately 9:00 p.m., GRANTHAM was walking on a pedestrian sidewalk on Vermont Avenue in South Los Angeles when he was stopped by LAPD officers, who had observed GRANTHAM grab an "L-shaped" object in his left pants pocket as they were patrolling the area in a marked LAPD vehicle.

6. When officers approached GRANTHAM, he stated that he had a firearm in his left pants pocket. The officers checked GRANTHAM's pocket and subsequently found a Taurus, .380 caliber pistol loaded with six rounds of ammunition, including one round in the chamber. GRANTHAM was subsequently arrested for a violation of California Penal Code 29800(a)(1) PC - Felon in Possession of a Firearm.

7. An ATF Interstate Nexus expert reviewed photographs of the firearm, and one out of six rounds of ammunition found on GRANTHAM's person and determined that the firearm and one round of the ammunition were manufactured outside of the State of California and therefore had to have traveled in and/or affected interstate or foreign commerce.

8. GRANTHAM has been convicted of at least six felonies and for a misdemeanor crime of domestic violence.

### IV. STATEMENT OF PROBABLE CAUSE

9. Based on my review of law enforcement reports, body-worn camera footage, my conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A. LAPD Conducts a Pedestrian Stop of GRANTHAM, and Finds a Loaded Gun and Ammunition in His Left Pants Pocket**

10. Based on my review of a report prepared by LAPD Officer Ryan Lopez, and footage from Officer Lopez and Officer Sterling Urbinas' body-worn cameras, and dash cameras, I know the following:

   a. During the evening of March 9, 2025, LAPD Officers Lopez and Urbina were conducting patrol in full uniform and in a marked police vehicle in the area of 125th Street and Vermont Avenue in Los Angeles, California.

   b. While the officers were driving southbound on Vermont Avenue, they observed GRANTHAM walking southbound on the west curb of Vermont Avenue from 125th Street. When GRANTHAM noticed the officers' presence, he was startled and looked

surprised. GRANTHAM proceeded to reach towards his left pants pocket, clenching it. Officers observed that GRANTHAM's left pants pocket was "heavily" weighed down with a bulge of an "L"-shaped object, consistent with the shape of a firearm.

       c.   Officers exited the marked police vehicle to conduct a pedestrian stop on GRANTHAM for a firearm investigation.

       d.   GRANTHAM complied by stopping and raising both hands above his head, turning around and facing away from the officers. GRANTHAM placed both hands on top of his head as directed by officers.

       e.   GRANTHAM then spontaneously stated, "It's in my left pocket." Officer Lopez responded by placing GRANTHAM in handcuffs. Officer Urbina searched GRANTHAM's left pocket revealing a .380 caliber Taurus pistol, model PT738 TCP, bearing serial number 87869E. The pistol was loaded with six .380 caliber rounds of ammunition, including one round in the chamber. When asked by officers if he was on active parole or probation, GRANTHAM stated that he was on active probation for domestic violence.

    **B.**   **GRANTHAM Makes Admissions During a Mirandized Interview**

11. Based on my review of a report prepared by Officer Lopez and relevant body-worn footage, I know that Officers Lopez and Urbina conducted a Mirandized interview of GRANTHAM after his arrest. GRANTHAM waived his Miranda rights and agreed to speak to the officers. GRANTHAM said the following:

  a. When Officer Lopez asked if GRANTHAM was "carrying for protection," GRANTHAM responded, "Yea, swear to god bro."

  b. Officer Lopez asked if GRANTHAM knew "what type of gun" that GRANTHAM was carrying. GRANTHAM responded, "Yea, it's a 38 Taurus." Officer Lopez asked if the firearm was in GRANTHAM's right pocket. GRANTHAM stated, "My left ... uh ... my left pocket."

  c. With the officers' approval, GRANTHAM utilized his phone to call the mother of his child. During the conversation with the unidentified female, GRANTHAM stated, "I was going to the store to get a black, and I got stop by the police. I had my gun on me."

  **C.** **GRANTHAM's Criminal History**

 12. Based on my review of conviction records and a criminal-history report for GRANTHAM, I know that GRANTHAM has the following convictions, among others, and that GRANTHAM is on state probation:

  a. On or about August 17, 2011, GRANTHAM was convicted of grand theft from person in violation of California Penal Code § 487(c), a felony, in the Superior Court of the State of California- Juvenile Branch, County of Riverside, in case number RIJ1100139.

  b. On or about February 15, 2013, GRANTHAM was convicted of assault on a person with a firearm, in violation of California Penal Code § 245(a)(2), a felony, in the Superior

Court of the State of California, County of Riverside, in case number SWF1201381.

  c. On or about July 12, 2013, GRANTHAM was convicted of first-degree burglary in violation of California Penal Code § 459, in the Superior Court of the State of California, County of Riverside, in case number RIF140081.

  d. On or about August 15, 2013, GRANTHAM was convicted of second-degree robbery in violation of California Penal Code § 211, in the Superior Court of the State of California, County of Riverside, in case number RIF1303302.

  e. On or September 17, 2019, GRANTHAM was convicted of possession of drugs in prison or jail in violation of California Penal Code § 4573.8, in the Superior Court of the State of California, County of Riverside, in case number RIF1901129.

  f. On or October 31, 2021, GRANTHAM was convicted of inflicting corporal injury on spouse, false imprisonment and battery on spouse; in violation of California Penal Code § 273.5(a), 236 and 243(e)(1), respectively, in the Superior Court of the State of California, County of Riverside, in case number RIF2200064.

  **D. The Pistol and Ammunition Traveled in Interstate or Foreign Commerce**

 13. On or about March 21, 2025, ATF Interstate Nexus Expert David Gonzalez (the "Nexus Expert") reviewed photos of

the Taurus pistol and one[1] round of .380 caliber ammunition recovered from GRANTHAM. The Nexus Expert concluded that the firearm and one round of ammunition were not manufactured in the State of California. Therefore, in the Nexus Expert's opinion, for the firearm and ammunition to have been recovered in California, they must have moved in and/or affected interstate or foreign commerce.

## V.   CONCLUSION

14. For all of the reasons described above, there is probable cause to believe that GRANTHAM has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 24th day of March, 2025.

_____
HONORABLE MICHAEL KAUFMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] This complaint and affidavit were originally filed on March 21, 2025, and stated that photos of the pistol and six rounds of ammunition were reviewed by the Nexus expert. Shortly after the original documents were filed the affiant learned that the Nexus expert only reviewed photos of the firearm and one round of ammunition. Upon speaking to the Honorable Michael Kaufman on March 21, 2025, the affiant informed the Court of this new information and was instructed to refile this complaint with the correct information on March 24, 2025.